UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

BATON ROUGE DIVISION

| | | |
|---|---|---|
| DIXIE ELECTRIC MEMBERSHIP CORPORATION | : | DOCKET NO. 12-078 |
| VS. | : | JUDGE TRIMBLE |
| AT&T, ET AL | : | MAGISTRATE JUDGE KIRK |

## MEMORANDUM RULING

Before the court is "BellSouth Telecommunications LLC's Motion to Dismiss Plaintiff's Amended Complaint" (R. #42) wherein the mover (BellSouth) seeks to dismiss Counts 5 and 7 of plaintiff, Dixie Electric Membership Corp.'s (DEMCO) First Amending and Supplemental Complaint and Request for Jury Trial ("Amended Complaint").

## FACTUAL ALLEGATIONS

The instant lawsuit involves the lease of wooden utility poles between the parties. DEMCO alleges that over an extended period of time, BellSouth failed to accurately report the number of DEMCO poles it had attached its cables to. Consequently, BellSouth failed to pay the appropriate annual rental fee. For a complete recitation of the facts, see the Memorandum Ruling issued July 9, 2012.[1]

## LAW AND ANALYSIS

Since our last Memorandum Ruling, DEMCO has filed an Amended Complaint wherein it asserts a claim for violation of the Louisiana Unfair Trade Practices Act ("LUTPA") for the years

---

[1] R. #32.

2011 and 2012 (Count 5) and a claim for fraud for the years 2011 and 2012 (Count 7). BellSouth maintains that LUTPA does not apply to actions or transactions subject to the jurisdiction of the Louisiana Public Service Commission ("LPSC") and for this reason BellSouth seeks to dismiss this claim. BellSouth also seeks to dismiss the fraud claim because it does not meet the heightened pleading requirements of Federal Rule of Civil Procedure 9(b).

*LUTPA claims*

BellSouth maintains that DEMCO's LUTPA claims are expressly exempted from LUTPA coverage because they are subject to the jurisdiction of LPSC. BellSouth relies on Louisiana Revised Statute 51:1406 which provides as follows:

The provisions of this Chapter shall not apply to:

(1) Any federally insured financial institution, its subsidiaries, and affiliates or any licensee of the Office of Financial Institutions, its subsidiaries, and affiliates or actions or transactions subject to the jurisdiction of the Louisiana Public Service Commission or other public utility regulatory body, the commissioner of financial institutions, the insurance commissioner, the financial institutions and insurance regulators of other states, or federal banking regulators who possess authority to regulate unfair or deceptive trade practices.

R.S. 51:1406(1) provides that the statute shall not apply to actions or transactions subject to the jurisdiction of certain state regulatory bodies or commissions, including LPSC. BellSouth argues that the Louisiana Constitution grants the LPSC plenary authority over the regulatoin of all public utilities relying on Voicestream GSM I Operating Co., LLC v. Louisiana Public Service Com'n.[2] Included within these broad powers, the Commission "has the authority to regulate the rates, terms

---

[2] 943 So.2d 349, 358 (La. 2006).

2

and conditions of pole attachment agreements."[3] BellSouth also relies on State ex rel. Guste v. Council of City of New Orleans,[4] wherein the Attorney General complained that the public utility's late charge billing practice constituted a deceptive trade practice proscribed by the Unfair Trade Practices and Consumer Protection Law. The court held that public utilities are exempt from LUTPA coverage by Louisiana Revised Statute 51:1401.

DEMCO argues that the plain language of § 1401 does not exempt public utilities from LUTPA. DEMCO remarks that federally insured financial institutions are the only entities specifically exempt by name from LUTPA claims. DEMCO maintains that BellSouth is not exempt from LUTPA merely because of its status as a utility. DEMCO argues that the exemption turns upon the extent to which the LPSC has jurisdiction and regulatory authority over the subject matter of the litigation. DEMCO concedes that the LPSC has authority to regulate the rates, terms and conditions of a pole attachment contract.[5] However, because this lawsuit does not concern a rate, term or condition, but is about unfair trade practices in violation of LUTPA, DEMCO posits that it is not exempted by LUTPA.

DEMCO submits that the instant lawsuit concerns BellSouth's violation of a pre-existing contract and BellSouth's intentional concealment of its use of DEMCO property in order to avoid the rental payment. DEMCO also submits that the LPSC cannot render money judgments and is only capable of awarding money damages in instances where it finds that a particular utility rate is unfair

---

[3] Louisiana Cablevision v. Louisiana Public Service Com'n, 493 So.2d 555, 558 (La. 1986).

[4] 309 So.2d 290 (La.1975).

[5] Louisiana Cablevision, supra.

3

and excessive entitling the rate payor to a refund.[6]

In Central Louisiana Electric Co., Inc. v. Louisiana Public Service Com'n,[7] the court noted that "[t]he Legislature has never "provided by law" for the LPSC to exercise jurisdiction over other subject matters and areas of litigation in which public utilities are involved, such as tort actions and contract disputes."[8] In Gulf States Utilities Co. v. Delcambre Telephone Co.,[9] the Third Circuit Court of Appeal held that the LPSC lacked jurisdiction to entertain a claim for money damages by a utility company arising out of the unpaid use of its utility poles. In that suit Gulf States brought a quantum meruit action against Delcambre Telephone Company, Inc. for compensation for the use of its utility poles from 1972 through 1984; the parties had entered into a pre-existing contract but were unable to reach an agreement on a renewal contract. After a trial, a money judgment was rendered in favor of Gulf States and then subject matter jurisdiction was raised as an error. The Appellant argued that the LPSC had exclusive subject matter jurisdiction. The court recognized that Art. VI, § 4 of the Louisiana Constitution had long established that the commission had no authority to render money judgments, which was a judicial function. The court overruled the exception of lack of jurisdiction.

Having considered the arguments of the parties, the court concludes that DEMCO's claims

---

[6] Daily Advertiser v. Trans-La, a Div. Of Atmos Energy Corp., 612 So.2d 7, 29-30 (La. 1993).

[7] 601 So.2d 1383, 1386 (La.1992).

[8] See also Central Louisiana Elec. Co. v. Pointe Coupee Elec.Membership Corp., 182 So.2d 752, 758 (La.App. 1 Cir. 1966)("The Louisiana Public Service Commission has no authority to render a money judgment for damages. That is within the jurisdiction of the district courts." citing Article 6 § 4 La. Const.).

[9] 527 So.2d 45 (La.App. 3 Cir. 1988).

of unfair trade practices with respect to this contract claim is not exempted by LUTPA because this lawsuit does not involve an action to regulate the rates, terms and conditions of a pole attachment contract. Rather, it involves a contract wherein BellSouth allegedly failed to pay appropriate rental fees for the use of DEMCO's utility poles.

*Fraud*

BellSouth maintains that DEMCO's fraud claim should be dismissed because DEMCO has failed to allege facts to suggest that it relied to its detriment on BellSouth's concealment of attachments activity in 2011 and 2012. BellSouth complains that DEMCO's complaint falls short of the heightened pleading standard required by Rule 9(b) of the Federal Rules of Civil Procedure.

"Fraud is a misrepresentation or a suppression of the truth made with the intention either to obtain an unjust advantage for one party or to cause a loss or inconvenience to the other. Fraud may also result from silence or inaction."[10] To prove fraud, a plaintiff must show (1) an intent to defraud and (2) an actual or potential loss or damages.[11]

DEMCO complains that BellSouth has failed to cite a case that requires the plaintiff to prove "reliance" where the fraudulent activity involves the concealment of conduct or information that should have been made known to the damaged party, rather than an intentional misrepresentation of such information. DEMCO remarks that BellSouth had a duty to report new attachments to DEMCO poles and BellSouth further failed to disclose its new attachments in order to avoid payment. Thus, DEMCO asserts that it is not required to prove reliance.

DEMCO further argues that even if reliance was required to be proved, DEMCO alleged in

---

[10] LSA-C.C. art. 1953.

[11] St. Paul Mercury Inc. Co. v. Williamson, 224 F.3d 425, 438 (5th Cir. 2000).

Case 3:12-cv-00078-JTT-JDK   Document 50   01/14/13   Page 5 of 6

the Amended Complaint its reliance upon BellSouth's accurate and honest reporting to its detriment. When BellSouth failed to report the new attachments, which DEMCO relied upon, DEMCO failed to receive the proper rental fees it was due under the contract.

The court finds no merit to BellSouth's argument and will deny BellSouth's motion to dismiss the fraud claims asserted in the Amended Complaint.

## CONCLUSION

For the reasons set forth above, the motion to dismiss filed by BellSouth will be denied.

THUS DONE AND SIGNED in Chambers at Lake Charles, Louisiana, this 14th day of January, 2013.

*[signature]*
JAMES T. TRIMBLE, JR.
UNITED STATES DISTRICT JUDGE